IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BAD BOY BEVERAGE CO., INC.,

        Plaintiff,                    CIV. NO. S-05-0864 LKK PAN

    vs.

MUEHLER INTERNATIONAL, INC., and
STEVEN J. MUEHLER, individually,

                                     FINDINGS AND RECOMMENDATIONS

        Defendants
_____/

        Plaintiff's application for entry of default judgment against defendants, filed August 29, 2005, was submitted on the record.  Local Rule 78-230(h).  Upon review of the application and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

        On May 1, 2005, plaintiff filed the underlying complaint, alleging defendants breached their contract with plaintiff by failing to place minimum monthly orders, pursuant to an exclusive agent/distribution agreement that required Muehler International to order a minimum of four trucks (114,048 bottles) each month, for a minimum of 24 months.  Plaintiff also alleged, *inter alia,* that defendants breached the covenant of good faith and fair dealing by failing to place minimum monthly orders, intentionally misrepresenting to Muehler International's ability to

1  perform its obligations under the contract and attempting to evade its obligations by

2  misrepresenting fact and law.  Plaintiff further alleges that defendants fraudulently induced

3  plaintiff to enter into the contract by representing that Muehler International had the resources to

4  make a substantial commitment to purchase and distribute the product throughout the territory,

5  and that Muehler International had substantial experience in distributing products.

6          The summons and complaint were personally served on defendant Muehler

7  International on May 5, 2005 and on defendant Steven J. Muehler on May 4, 2005.  Fed. R. Civ.

8  P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir.

9  1985) (default judgment void without personal jurisdiction).  Defendants have failed to file an

10 answer or otherwise appear in this action.  The clerk of the court entered default against

11 defendant Muehler International on June 8, 2005, and on Steven J. Muehler on July 11, 2005.

12         This court has subject matter jurisdiction over this complaint based on diversity of

13 the parties.  28 U.S.C. § 1332.  Plaintiff is a resident of the state of Nevada; defendants are

14 residents of the state of North Dakota.  The amount in controversy exceeds $75,000.00, exclusive

15 of costs and interest.

16         Notice of entry of default and the instant application for default judgment and

17 supporting papers were served by mail on defendants at their last known address.  Defendants

18 filed no opposition to the application for entry of default judgment.  The principal sum sought by

19 plaintiff represents the profit of $50,846.40 on four trucks (114,048 bottles) (McBride Decl. at 2)

20 multiplied by 24 months for a principal amount of $1,220,313.60.  Plaintiff seeks an entry of

21 default judgment in the total amount of $1,220,583.60[1] against Muehler International and Steven

22 J. Muehler, jointly and severally.  Plaintiff was unable to obtain an alternate distributor for the

23 territory covered by the contract at issue herein.  The undersigned has reviewed the support for

24 the damages sought, and such support is not unreasonable on its face.

25

26         [1]  This figure represents the principal amount of $1,220,313.60 plus $270.00 for filing
   and service of process costs, for a total award of $1,220,583.60.

1    Entry of default effects an admission of all well-pleaded allegations of the

2  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

3  1977).  The court finds the well pleaded allegations of the complaint state a claim for which

4  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

5  application for entry of default judgment and declarations filed in support of it also support the

6  finding that plaintiff is entitled to the relief requested.  There are no policy considerations which

7  preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d

8  1470, 1471-1472 (9th Cir. 1986).

9    In view of the foregoing findings, it is the recommendation of this court that

10  plaintiffs' August 29, 2005 application for entry of default judgment be GRANTED.  Judgment

11  should be rendered in the amount of $1,220,583.60.

12    These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14  days after being served with these findings and recommendations, plaintiff may file written

15  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

18  F.2d 1153 (9th Cir. 1991).

19  DATED:  July 24, 2006.

20

21    UNITED STATES MAGISTRATE JUDGE

22

23  001; badboy.def

24

25

26

3